*NOT FOR PUBLICATION*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

CEPHALON, Inc.,

                 Plaintiff,

v.

SUN PHARMACEUTICAL INDUSTRIES, Ltd., and CARACO PHARMACEUTICAL LABORATORIES, Ltd.,

                 Defendants.

Civil Action No. 11-5474 (FLW)(DEA)

OPINION

WOLFSON, United States District Judge:

In this patent infringement action filed by Plaintiff Cephalon, Inc. ("Cephalon"), Defendants Sun Pharmaceutical Industries, Ltd. and Caraco Pharmaceutical Laboratories, Ltd. ("Defendants") have appealed the April 3, 2013 Letter Order of the Magistrate Judge, Dkt. No. 227, ("Letter Order") denying Defendants' request to bifurcate the case on the issues of liability and damages for discovery and trial purposes. The Court has jurisdiction pursuant to 28 U.S.C. § 1331. For the following reasons, the Court affirms in part and vacates in part the decision of the Magistrate Judge.

**BACKGROUND**

The parties are familiar with the underlying facts in this matter, which the Court most recently detailed in its Opinion on December 20, 2012, denying Cephalon's motion for a preliminary injunction. See Dkt. No. 187. Thus, the Court will only briefly recite the facts necessary to deciding the instant appeal. During an Initial Scheduling Conference held on February 26, 2013, the Magistrate Judge rejected on the record the parties' Joint Discovery Plan,

1

including Defendants' proposal to bifurcate liability and damages issues in this case. In a letter to the Magistrate Judge dated March 12, 2013, Defendants informally renewed their request to bifurcate both the discovery and trial portions of the case.[1] See Dkt. No. 219 at 2 ("Sun respectfully requests bifurcation of both discovery and trial of the potential issues of damages, willfulness and exceptional case . . . ."). Relying on the decision in Princeton Biochemicals, Inc. v. Beckman Instruments, Inc., 180 F.R.D. 254 (D.N.J. 1997), for support, Defendants contended that bifurcation was necessary because of the complexity of the case, the threat of prejudice due to jury confusion, and considerations of judicial economy. See Dkt. No. 219 at 3-7. After thoroughly considering the arguments from both sides, although not presented by formal motion, the Magistrate Judge rejected Defendants' renewed bifurcation request, finding that: (1) the case is not complex; (2) contrary to Defendants' position, bifurcation would likely delay the litigation and result in duplication of effort rather than promote judicial economy; and (3) Defendants' reliance on the Princeton decision was misplaced. See Letter Order at 2. Id. Defendants then filed the instant appeal.

**STANDARD OF REVIEW**

A United States Magistrate Judge may hear and determine any non-dispositive pretrial matter pursuant to 28 U.S.C. § 636(b)(1)(A). To that end, a district court will only reverse a magistrate judge's decision on these matters if it is contrary to law or clearly erroneous. Id.; Fed. R. Civ. P. 72(a). "The party filing the notice of appeal bears the burden of demonstrating that the magistrate judge's decision was clearly erroneous or contrary to law." Marks v. Struble, 347 F. Supp. 2d 136, 149 (D.N.J. 2004). A ruling is "contrary to law" when the magistrate judge has

---

[1]    Specifically, Defendants seek bifurcation of liability from the issues of "damages, willfulness and exceptional case," and wish to stay all discovery and trial matters relating to these latter issues. See Dkt. No. 219 at 2 n.2.  For the sake of clarity, like Defendants, I refer to these issues collectively as "damages."

misinterpreted or misapplied the applicable law. Pharmaceutical Sales & Consulting Corp. v. J.W.S. Delavau Co., Inc., 106 F. Supp. 2d 761, 764 (D.N.J. 2000). A finding is clearly erroneous when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Anderson v. Bessemer City, 470 U.S. 564, 573 (1985) (citing United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)). Under this standard, "a district judge's simple disagreement with the magistrate judge's findings is insufficient to meet the clearly erroneous standard of review." Andrews v. Goodyear Tire & Rubber Co., Inc., 191 F.R.D. 59, 68 (D.N.J. 2000), and a district court will not reverse a magistrate judge's finding even "in circumstances where the [reviewing] court might have decided the matter differently." Bowen v. Parking Auth. of City of Camden, No. 00-5765 (JBS), 2002 U.S. Dist. LEXIS 14585, at *3 (D.N.J. July 30, 2002).

Where a magistrate judge has ruled on a non-dispositive matter "such as a discovery motion, his or her ruling is entitled to great deference and is reversible only for abuse of discretion." Kresefksy v. Panasonic Communications & Sys. Co., 169 F.R.D. 54, 64 (D.N.J. 1996). An abuse of discretion "may be found where the [magistrate] judge's decision rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact." In re Warfarin Sodium Antitrust Litig., 391 F.3d 516, 527 (3d Cir. 2004) (internal quotations omitted).

**DISCUSSION**

Initially, I address the scope of the Magistrate Judge's decision and the issues presented on appeal. Defendants initially raised – and the Magistrate Judge rejected – their bifurcation request in the context of the proposed Joint Discovery Plan, suggesting that Defendants sought bifurcation for discovery purposes. In Defendants' renewed letter application for bifurcation,

however, Defendants raise arguments concerning bifurcation for both discovery and trial purposes, and, indeed, the Magistrate Judge's Letter Order could be read as denying bifurcation as to both the discovery and trial portions of this case. Such a determination regarding trial proceedings is premature in this matter, and, accordingly, to the extent that the Letter Order denied bifurcation at trial, I vacate that portion of the Magistrate Judge's decision. See N.A.A.C.P. v. North Hudson Regional Fire and Rescue, 255 F.R.D. 374, 393 (D.N.J. 2009) (denying without prejudice a motion for bifurcation, filed in connection with motions for a preliminary injunction and class certification, on the basis that such a motion was premature "[g]iven the early stage of [the] litigation"). Although Defendants' application to bifurcate trial is premature at this stage, the parties may submit another application if and when trial should occur in this case – ideally, at the time of the final pretrial conference.

The sole issue, then, that remains on appeal is whether the Magistrate Judge abused his discretion in deciding not to bifurcate discovery relating to liability and damages issues. Generally, bifurcation is permitted "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy." Fed. R. Civ. P. 42(b). To that end, the Third Circuit has stated "the trial judge is entrusted with discretion [to decide case management issues such as bifurcation] because he is in a far better position than we to appraise the effect of [a particular procedure on the parties]." Reed v. Philadelphia, Bethlehem & New England R.R. Co., 939 F.2d 128, 133 (3d Cir. 1999). Thus, the decision to permit or deny bifurcation rests within the sound discretion of the court.[2] Bair Laboratories, Inc., v. Abbott

---

[2] Defendants suggest, for the first time in a footnote in their reply brief, that the Magistrate Judge's bifurcation decision is a wholly legal conclusion subject to de novo review on appeal. See Def. Reply at 2 n.2. Although unclear from the footnote, Defendants may have asserted such a position based on their understanding that the Magistrate Judge denied bifurcation as to both discovery and trial. As explained above, any ruling with respect to the bifurcation of trial is

<u>Laboratories</u>, 978 F.2d 98, 115 (3d Cir. 1992); <u>Gardco Mfg., Inc. v. Herst Lighting Co.</u>, 820 F.2d

1209, 1212 (Fed. Cir. 1987); <u>Princeton</u>, 180 F.R.D. at 256.

Courts in this district do not routinely grant motions to bifurcate discovery, unless there is

some showing on the part of the moving party as to why bifurcation is appropriate. <u>E.g.</u>, <u>In re G-</u>

<u>I Holdings Inc.</u>, 218 F.R.D. 428, 440 (D.N.J. 2003) (denying motion to bifurcate discovery or

trial based on finding that denial would cause no prejudice to moving party); <u>Glennon v. Wing</u>

<u>Enterprises, Inc.</u>, CIV.A. 10-0324 JAP, 2010 WL 4782773, at *17 (D.N.J. Nov. 17, 2010)

(denying bifurcation of discovery based on finding that issues were not sufficiently complex and

that bifurcation would not promote settlement); <u>see also</u> <u>Innovative Office Prods. v. SpaceCo,</u>

<u>Inc.</u>, No. 05-4037, 2006 U.S. Dist. LEXIS 29439, at *4-5 (E.D. Pa. May 15, 2006) ("bifurcation

remains the exception rather than the rule"). In that connection, the moving party bears the

burden of demonstrating that bifurcation would serve judicial economy, avoid inconvenience,

and not prejudice any of the parties. <u>See</u> <u>Glennon</u>, 2010 WL 4782773, at *17.

Notwithstanding the foregoing, Defendants argue that the Magistrate Judge clearly erred

by finding that: (1) the case lacks complexity; (2) bifurcation would be less efficient, and (3) the

<u>Princeton</u> decision does not mandate bifurcation. I address each of these issues in turn. First,

Defendants contend that, in this case, "a full and fair evaluation of the issue of infringement –

standing alone – presents a daunting task for anyone, particularly a jury." Def. Br. at 4. Similarly,

with respect to damages, Defendants argue that "the question of a 'reasonable royalty' can be

---

premature and thus vacated. With respect to discovery issues, however, the Magistrate Judge's
determination regarding bifurcation necessarily entailed factual findings regarding the
complexity of this case and whether bifurcation would promote judicial economy. Thus, I reject
Defendants invitation to apply a <u>de novo</u> standard on this appeal to the Magistrate Judge's
decision concerning bifurcation of discovery, and instead I follow the general rule that discovery
disputes are subject to abuse of discretion review. <u>See</u> <u>Kresefksy v. Panasonic Communications</u>
<u>& Sys. Co.,</u> 169 F.R.D. 54, 64 (D.N.J. 1996).

exceedingly complex." Id. at 5. Thus, Defendants reason that "this is precisely the type of case where bifurcation of liability and damages issues is necessary." Id. at 6. Much of that argument appears to relate to the issue of bifurcation of trial, no discovery. Defendants do not, however, point to any mistake of fact or law on this appeal showing that the Magistrate Judge abused his discretion in finding that the issues in this case were not so complex as to require bifurcation of discovery. Instead, Defendants simply reiterate the same arguments advanced before the Magistrate Judge, which he "thoroughly considered" and then rejected; indeed, Defendants have not provided any basis for this Court to determine that the Magistrate Judge erred when he found that there was "a relative lack of complexity" in the issues in this case. Letter Order at 2. Accordingly, the Court finds that the Magistrate Judge did not err in his findings or abuse his discretion in this regard.

Next, Defendants claim that bifurcation would promote judicial economy because the issue of damages is "purely contingent" upon a finding of liability.[3] Def. Br. at 8. In that respect, Defendants argue that it does not make sense "to expend the tremendous time and resources necessary to prepare damages issues for summary judgment or trial" because this Court has already denied Cephalon's preliminary injunction motion based in part on a failure to demonstrate likelihood of success on its claims. Id. Again, Defendants do not highlight any mistake of fact or law made by the Magistrate Judge. Rather, Defendants' argument is merely a disagreement with the Magistrate Judge's finding. Such disagreement is "insufficient to meet the clearly erroneous standard of review." Andrews, 191 F.R.D. at 68. Accordingly, Defendants'

---

[3] Of course, Defendants' argument in this regard applies to every case, since the issue of damages is always contingent upon a finding of liability. In other words, according to Defendants, bifurcation is always appropriate. Such reasoning contravenes the language of Rule 42(b) and the case law cited in this Opinion. The Magistrate Judge certainly did not abuse his discretion in rejecting such reasoning.

argument fails in this respect as well.

Lastly, Defendants claim the Magistrate Judge abused his discretion by ignoring controlling case law, to wit, Princeton Biochemicals, Inc. v. Beckman Instruments, Inc., 180 F.R.D. 254 (D.N.J. 1997). To that end, Defendants rely on the following language in Princeton:

> In the normal case separate trial of issues is seldom required, but in a patent infringement suit considerations exist which suggest that efficient judicial administration would be served by separate trials on the issues of liability and damages. The trial of the damages question in such a suit is often difficult and expensive, while being easily severed from the trial of the questions of validity and infringement of the patent.

Def. Br. at 9 (quoting Princeton, 180 F.R.D. at 256). Even cursory review of this language reveals that Defendants' reliance on Princeton is misplaced. To begin, the issue of bifurcation in Princeton concerned trial, not discovery. Here, however, I am reviewing the Magistrate Judge's decision regarding bifurcation for discovery purposes only. Indeed, the complexity issue in Princeton related to a concern of jury confusion, which is not implicated in discovery proceedings.[4] Thus, the Magistrate Judge did not abuse his discretion in concluding that "the concerns and considerations presented in Princeton are, therefore, not similarly implicated here." Letter Order at 2.

Moreover, even assuming arguendo that the rationale in Princeton should be extended to discovery, bifurcation is still not mandated in the present case. Contrary to Defendants' position, Princeton does not stand for the principle that bifurcation is required in any case; rather, the Princeton decision clearly explained that "the decision to bifurcate . . . remains within the sound

---

[4]    In Princeton, I found the case to be complex and thus warranting bifurcation at trial because the jury would be require to process volumes of technical exhibits, and "this task would be surely overwhelming to even the most sophisticated jurors." Princeton, 180 F.R.D. at 258. Additionally, regarding judicial economy, I found that "litigating the damages issue . . . may ultimately prove unnecessary" because the accused product was a multi-million dollar product line; thus, a liability determination would "define the parameters of the allegedly infringing product." Id. at 259.  Neither of these findings exist at this point in the present case.

discretion of the district court." <u>Princeton</u>, 180 F.R.D. at 258. Indeed, as discussed <u>supra</u> in this Opinion, there is no bright line rule for when bifurcation is appropriate. <u>See</u> <u>id.</u> ("A substantial body of case law has arisen to which a court may turn to inform its discretion. However, the actual decision reached in any one of those cases is of limited value because only the specific facts and circumstances of the case before the court can provide the answer to the question of whether the advantages of bifurcation outweigh the disadvantages."). <u>Compare</u> <u>Dutch Branch of Streamserve Dev. AB v. Extream Software, LLC</u>, Civ. No. 08-343-SLR, 2009 WL 2706932, at *1 (D. Del. Aug. 26, 2009) (stating that "bifurcation is appropriate, if not necessary, in all but exceptional patent cases"), <u>with</u> <u>Graco Inc. v. PMC Global, Inc.</u>, No. 08-1304 (FLW), 2009 WL 904010, at *36 (D.N.J. Mar. 31, 2009) (stating that "bifurcation is the exception rather than the rule in patent cases"). Thus, even were <u>Princeton</u> controlling in this case, it would not mandate bifurcation, and accordingly would not show that the Magistrate Judge abused his discretion in denying bifurcation.

Overall, many of the concerns Defendants raised in the bifurcation application before the Magistrate Judge, and again here on appeal, relate to issues that would arise at trial. As explained in this Opinion, although I conclude that the Magistrate Judge did not abuse his discretion in denying bifurcation with respect to discovery, any ruling on the bifurcation of issues for trial is premature at this preliminary stage of the case. Thus, should a trial be necessary, the parties are free to revisit the issue of bifurcation at a more appropriate time, <u>e.g.</u>, during their final pretrial conference.

**CONCLUSION**

Defendants have failed to show that the Magistrate Judge abused his discretion in denying Defendants' request to bifurcate discovery, and accordingly, the Magistrate Judge's

Letter Order is affirmed in that respect.  To the extent that the Magistrate Judge also denied

bifurcation of issues for trial, that portion of the Magistrate Judge's decision is vacated, as such

an application is premature.

An appropriate order shall follow.


Date: July 8, 2013                                      /s/  Freda L. Wolfson
                                                       Freda L. Wolfson, U.S.D.J.