*NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CEPHALON, INC. | : |
| Plaintiff, | : |
| v. | : Case No. 11-5474 |
| SUN PHARMACEUTICALS, LTD., & CARACO PHARMACEUTICAL LABORATORIES LTD., | : |
| Defendants. | : OPINION |

**WOLFSON, United States District Judge**:

Before the Court is Defendants Sun Pharmaceuticals, Ltd. and Caraco Pharmaceutical Laboratories, Ltd.'s ("Defendants") motion to dismiss the willful infringement count ("Count III") of Plaintiff Cephalon, Inc.'s ("Plaintiff") Second Amended Complaint ("SAC") for patent infringement of United States Patent No. 5,958,951 (the "'951 patent"). For the following reasons, the Court denies Defendants' motion.

**BACKGROUND**

The facts concerning this litigation are set forth in detail in the Court's December 20, 2012 Opinion denying Plaintiff's motion for a preliminary injunction. See Dkt. No. 187. Thus, I only set forth those facts from the SAC necessary to deciding the instant motion.

Plaintiff's '951 patent relates to the pharmaceutical composition of anhydrous tiagabine hydrochloride—the active compound in "Gabatril"—which is marketed by Plaintiff to treat epilepsy. SAC, ¶¶ 4-5. Defendants filed an Abbreviated New Drug Application ("ANDA") for approval to manufacture and distribute a generic version of Gabatril before the expiration of the

1

'951 patent. Id. at ¶ 7-8  In conjunction with their ANDA filing, Defendants included a "Paragraph IV Certification," asserting that that the claims of the '951 patent are invalid and/or not infringed by Defendants' product. Id.  Defendants sent Plaintiff a Notice of Certification under Section 505(j)(2)(B)(ii) of the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 355(j)(2)(B)(ii), which alleged that claims 1-2, and 4-7 of the '951 patent are invalid. Id. at ¶ 8.

After Defendants filed their ANDA, Plaintiff filed its first Complaint and also moved for a preliminary injunction to prevent Defendants from distributing and manufacturing their generic version of Gabatril.  See Dkt. Nos. 1 (Complaint), 83 (Amended Complaint), 103 (Preliminary Injunction).  Before the Court held any hearing on Plaintiff's motion, and prior to the expiration of the '951 patent, on October 19, 2012, Defendants initiated an "at-risk" launch of their generic version of Gabatril.  SAC, ¶ 10.  Following a hearing, the Court denied Plaintiff's motion for a preliminary injunction, by Order and Opinion dated December 20, 2012, finding that Plaintiff had failed to show a likelihood of success on the merits of its claims.  Plaintiff then filed its SAC on February 20, 2013, which included, for the first time, a claim of willful infringement.

In response to the Second Amended Complaint, Defendants filed the instant motion to dismiss on March 20, 2013.  In their motion, Defendants argue that Plaintiff's willful infringement claim should be dismissed under Fed. R. Civ. P 12(b)(6) because the claim is insufficiently pled and/or fails to state a claim upon which relief can be granted.

**STANDARD OF REVIEW**

When reviewing a motion to dismiss on the pleadings, courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (citation and

quotations omitted).  In Bell Atlantic Corporation v. Twombly, 550 U.S. 544 (2007), the Supreme Court clarified the 12(b)(6) standard.  The Court held that the factual allegations set forth in a complaint "must be enough to raise a right to relief above the speculative level." Id. at 1965.  In affirming that Twombly standards apply to all motions to dismiss, the Supreme Court has explained that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662 (2009).  Moreover, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id.  Therefore, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 1949.  Ultimately, "a complaint must do more than allege the plaintiff's entitlement to relief.  A complaint has to 'show' such an entitlement with its facts." Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009).  In that connection, in deciding a motion to dismiss, the Court may consider the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a plaintiff's claim. Lum v. Bank of Am., 361 F.3d 217, 222 n.3 (3d Cir. 2004) abrogated in part on other grounds by Twombly, 550 U.S. at 557.

The Third Circuit has reiterated that "judging the sufficiency of a pleading is a context dependent exercise" and "[s]ome claims require more factual explication than others to state a plausible claim for relief." West Penn Allegheny Health System, Inc. v. UPMC, 627 F.3d 85, 98 (3d Cir. 2010).  This means that, "[f]or example, it generally takes fewer factual allegations to state a claim for simple battery than to state a claim for antitrust conspiracy." Id.  That said, the Rule 8 pleading standard is to be applied "with the same level of rigor in all civil actions." Id. (citations and quotations omitted); see also Covington v. International Ass'n of Approved

Basketball Officials, 710 F.3d 114,118 (3d Cir. 2013) ("[A] claimant does not have to 'set out in detail the facts upon which he bases his claim.' . . . The pleading standard 'is not akin to a 'probability requirement, ". . . to survive a motion to dismiss, a complaint merely has to state a 'plausible claim for relief.'" (Citations omitted.)).

**DISCUSSION**

**A. Sufficiency of the Pleadings**

The legal standard for proving a willful infringement claim is well-settled under Seagate, which established a two-prong objective/subjective test. In re Seagate Tech., LLC, 297 F.3d 1360, 1370-71 (Fed. Cir. 2007); Highmark, Inc. v. Allcare Health Management Systems, Inc., 1300, 1311 (Fed. Cir. 2012). First, the patentee must show that the infringer "acted despite an objectively high likelihood that its actions constituted infringement of a valid patent," Highmark, 687 F.3d at 1310 n.2, which involves "a single backwards-looking inquiry into the reasonableness of the claims in light of the full record." Id. at 1310-11. After establishing the objective risk, the patentee must "demonstrate that this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer." Seagate, 297 F.3d at 1370-71. Essentially, Seagate establishes that the reckless disregard of a patentee's rights gives rise to a claim of willful infringement. Id.

According to Defendants, Plaintiff fails to even allege in the SAC the "mere elements" of a willful infringement claim, which are (1) objective baselessness; and (2) subjective bad faith.[1]

---

[1] Count III of the SAC, which contains the willful infringement claim, includes two separately numbered paragraphs. The first realleges and reincorporates by reference the previous paragraphs of the SAC. SAC, ¶ 32. The other provides: "The actions of Defendants as alleged herein, resulting in their launch of generic Sun Tiagabine Hydrochloride Tablets in October

Highmark, 687 F.3d at 1308-1309. In that connection, Defendants contend that, as the Federal Circuit clarified in Seagate, "objective baselessness requires 'at least a showing of objective recklessness,'" 497 F.3d at 1370-72, which allegation is entirely absent from Plaintiff's willful infringement claim. Moreover, with regard to the second element of subjective bad faith, Defendants assert that Plaintiff's claim fails to allege that Defendants "acted despite an objective high likelihood that its actions constituted infringement of a valid patent." Highmark, 687 F.3d at 1310 n.2 (quoting Seagate, 497 F.3d at 1371). Defendants contend that the SAC can be plausibly interpreted as only alleging that Defendants had knowledge of the '951 patent.

Relying on several district court decisions, Defendants argue that Plaintiff's pleading is deficient because a willful infringement claim requires more than a bare-bones allegation that Defendants had knowledge of the allegedly infringed patent. See e.g., Realtime Data, LLC v. Stanley, 721 F. Supp. 2d 538, 545 (E.D. Tex. 2012) (granting a motion to dismiss where plaintiff only alleged mere knowledge and possibility that discovery could produce evidence of reckless behavior); Classen Immunotherapies, Inc. v. Biogen IDEC, No. WDQ-04-2607, 2012 WL 139412 (D. Md. May 30, 2012) (holding allegation of knowledge of the patent, without additional allegation of reckless disregard, insufficient to withstand dismissal); Via Vadis, LLC v. Skype, Inc., No. 11-507, 2012 WL 261367, at *2 (D. Del. Jan. 27, 2012) (granting a motion to dismiss willful infringement claim for failure to allege facts supporting conclusion that defendant took steps to willfully or intentionally infringe); see also Weyer v. MySpace, Inc., No 10-00499, 2010 WL 8445305, at *4 (C.D. Cal. Jun. 17, 2010) ("To properly plead willful infringement, the patentee must allege that the accused infringer had knowledge of the patent and recklessly disregarded the possibility that certain conduct was infringing").

---

2012, prior to the June 10, 2017 expiration of the '951 patent, constitute willful infringement of that patent and make this an exceptional case under the Patent Statutes." Id. at ¶ 33.

5

Plaintiff argues in opposition that Seagate is not the proper reference point for evaluating the sufficiency of pleadings because Seagate only establishes the burden of proof at trial and not in connection with a motion to dismiss under Rule 12(b)(6). See Pl. Opp., 3-4; see also Seagate, 497 F.3d at 1360. Instead of applying Seagate, Plaintiff asserts all that is necessary to state a claim for willful infringement is "a short and plain statement of the claim showing that plaintiff is entitled to relief." Pl. Opp., 4. Under that standard, Plaintiff contends its SAC adequately pleads Defendants' willful infringement because Plaintiff alleges that Defendants (1) demonstrated their awareness and knowledge of the '951 patent when they filed their ANDA, (2) failed to argue a basis for non-infringement in their Paragraph IV Certification letter, and (3) "were aware that filing of 'the Paragraph IV Certification with respect to the '951 patent would constitute infringement of the patent."[2] SAC, ¶ 24. Plaintiff also alleges that Defendants "began marketing, offering to sell, and selling" their allegedly infringing product on October 19, 2012. Id. at ¶¶ 10, 28.

According to Plaintiff, these facts adequately state a claim for willful infringement because "courts have generally required a complaint to allege facts that, at a minimum, show direct infringement, i.e., that identify the patent in suit, and show the defendant's actual knowledge of the existence of the patent." Gradient Enterprises, Inc. v. Skype Technologies S.A., 848 F. Supp. 2d 404, 409 (W.D.N.Y. 2012); see also PB & J Software, LLC. v. Acronis, Inc., 897 F. Supp. 2d 815, 822 (E.D. Mo. 2012) (denying a motion to dismiss because the plaintiff alleged infringement and knowledge of the patent in-suit); Netgear, Inc. v. Ruckus Wireless, Inc., 852 F. Supp. 2d 470, 477 (D. Del. 2012) (declining to require more detail than is

---

[2] Specifically, Plaintiff alleges: "[Defendants] Sun Ltd. And Caraco were aware of the existence of the '951 patent, as demonstrated by their reference to that patent in their Notice of Certification, and were aware that the filing of their Paragraph IV Certification with respect to the '951 patent would constitute infringement of the patent." SAC, ¶ 24.

required by F.R.C.P Form 18 for claim of patent infringement); Investpic, LLC v. FactSet Research Sys., Inc., 2011 WL 4591078, at *2 (D. Del. Sept. 30, 2011) (denying a motion to dismiss a willful infringement claim because knowledge of a very public patent could be inferred); Oracle Corp. v. DrugLogic, Inc. 807 F. Supp. 2d 885, 902 (N.D. Cal. 2011) (declining to require that plaintiff allege more than that defendant was aware of patent in-suit and had "actual notice" of infringement claims).

After review of the conflicting trial court decisions, I determine that Seagate does not create any pleading requirement beyond the Rule 8 standard.[3] Accord Milwaukee Elec. Tool Corp., 2011 WL 665439, at *3 ("Seagate is not controlling for purposes of pleading under Fed. R. Civ. P. 8(a)"); Oracle Corp. v. DrugLogic, Inc., 807 F. Supp. 2d 885, 902 (N.D. Cal. 2011);[4] see also Novartis Pharm. Corp. v. Teva Pharm. USA, Inc., Civ No. 05CV1887 (DMC), 2009 WL 483865, at*3 (D.N.J. Feb. 25, 2009) (finding that "Seagate did not create a per se rule of dismissal" at the pleadings stage, notwithstanding that plaintiff faced an uphill battle to prove its case following denial of preliminary injunction). But see Brandywine Comm. Technologies,

---

[3] Although the cases are conflicting with respect to pleading standards, it is clear that, unlike fraud, a claim of willful infringement is not subject to a heightened pleading standard. Ferguson Beauregard/Logic Controls, Div. of Dover Resources, Inc. v. Mega systems, LLC, 350 F.3d 1327, 1353 (Fed. Cir. 2003). To survive a motion to dismiss, a willful infringement claim must meet only the usual requirements of Rules 8 and 11(b). See Seagate, 297 F.3d at 1374; Cloud Farm Associates, L.P. v. Volkswagen Group of Am., 2012 WL 3069390, at *3 (D. Del. July 27, 2012); Milwaukee Elec. Tool Corp. v. Hitachi Koki, Ltd., No. 09-c-948 2011 WL 665439, at *2-3 (E.D. Wis. 2011); see also Covington v. International Ass'n of Approved Basketball Officials, 710 F.3d at 118 ("[A] claimant does not have to 'set out in detail the facts upon which he bases his claim.' . . . The pleading standard 'is not akin to a 'probability requirement, ". . . to survive a motion to dismiss, a complaint merely has to state a 'plausible claim for relief.'" (Citations omitted.)).

[4] In Oracle, the court denied the plaintiff's Rule 12(b)(6) motion because the complaint alleged that the defendant had knowledge of the patent-in-suit and was aware that the patentee was suing for infringement but the defendant nonetheless continued its infringing behavior. Oracle, 807 F. Supp. 2d at 903. Similarly, in this case, Defendants were aware of Plaintiff's response to their ANDA filing and still launched their Sun Tiagabine Hydrochloride Tablets.

LLC v. Casio Computer Co. Ltd., 912 F. Supp. 2d 1338, 1353 (M.D. Fla. 2012) (applying Seagate to a motion to dismiss and holding that "[a] claim of willful infringement undisputedly requires facts showing that the alleged infringer engaged in actions despite an objectively high likelihood that its actions constituted infringement of a patent"); St. Clair Intellectual Prop. Consultants, Inc. v. Hewlett-Packard Co., CA 10-425-LPS, 2012 WL 1134318, at *2 (D. Del. Mar. 28, 2012) (interpreting Seagate as establishing that an adequate pleading of willful infringement must include factual allegations that show the infringer was "objectively reckless" as to the risk of infringement). Seagate's own language speaks directly to the notion that objective recklessness must be proved based on the entire record of the proceeding, thus presupposing that additional facts may be discovered during the litigation of a case. See Seagate, 297 F.3d at 1370-71 ("objectively-defined risk" is "determined by the record developed in the infringement proceeding"). Indeed, such language, referencing the record, implies that Seagate was referring to a proof issue more appropriately addressed by way of summary judgment, rather than a motion to dismiss on the pleadings. I therefore interpret Seagate to not alter the general Rule 8 pleading standard that "a complaint merely has to state a plausible claim for relief." Covington v. International Ass'n of Approved Basketball Officials, 710 F.3d at 118 (internal quotation marks omitted).

Thus, to state a claim for willful infringement, "a plaintiff must provide a pleading equivalent to 'with a knowledge of the patent and of his infringement.'" Sentry Protection Prods., Inc. v. Eagle Mfg. Co., 400 F.3d 910, 918 (Fed. Cir. 2005) (quoting Dunlap v. Schofield, 152 U.S. 244, 248 (1894)); Oracle Corp., 807 F. Supp. 2d at 902 (quoting Milwaukee Elec. Tool Corp. v. Hitachi Koki, Ltd., 09-C-948, 2011 WL 665439, at *3 (E.D. Wis. Feb. 14, 2011)). In

that connection, Plaintiff "must make out the barest factual assertion of knowledge of an issued patent." Oracle Corp., 807 F. Supp. 2d at 902 (internal quotation marks omitted).

In the context of Plaintiff's SAC, the relevant facts with respect to Defendants' knowledge of the '951 Patent are as follows: that Sun Ltd. referenced the '951 patent in its ANDA and Notice Letter to Cephalon; that in the Paragraph IV Certification and the Notice Letter, Sun Ltd. alleged that claims 1-2, and 4-7 of the '951 patent are invalid; and that Defendants initiated a launch of their product prior to the preliminary injunction hearing or other resolution of this case. SAC, ¶¶ 10, 24, 28. Although a willful infringement claim cannot be predicated solely on the filing of an ANDA or any related certifications, such as a Paragraph IV Certification, Glaxo Group Ltd. v. Apotex Inc., 376 F.3d 1339, 1350-51 (Fed. Cir. 2004), in this case, according to the SAC, Defendants went a step beyond the "artificial injury" created by an ANDA filing and actually started manufacturing, marketing, and selling their potentially infringing product prior to the expiration of the '951 patent or any judicial determination as to the validity of that patent. I find therefore that Plaintiff has adequately plead Defendants' "objective recklessness." These facts in the SAC, at the very least, give rise to an inference that Defendants had knowledge of the '951 patent and were objectively reckless in deciding to launch after Plaintiff brought its infringement suit but before this Court denied the preliminary injunction motion. Cf. Novartis Corp. v. Teva Pharmaceuticals USA, Inc., Civ. 04–4473 HAA ES, 2007 WL 1695689, *30 (D.N.J. June 11, 2007). ("By its very nature, launching generic products 'at risk,' has risks." (Emphasis added.)).[5] Such an inference is sufficient at the motion

---

[5] Overall, the cases from this district shed little light on this issue because they only address if a patentee adequately states a claim for willful infringement when the sole basis for that claim is an ANDA filing. See Celgene Corp. v. Teva Pharm. USA, Inc., Civ. A. Nos. 04-4030 (FLW), 06-6154 (FLW), 2009 WL 81352 (D.N.J. Jan. 12, 2009); Novartis Pharmaceutical

to dismiss stage to allow Plaintiffs' claim for willful infringement to proceed. See Novartis Pharm. Corp. v. Teva Pharm. USA, Inc., 2009 WL 483865, at *3 ("[I]t may be possible for Novartis to show after discovery that Teva acted in reckless disregard of the "objectively high likelihood" that it was infringing on a valid patent."). Accordingly, I reject Defendants' argument that the SAC is insufficiently pled under Rule 8.

## B. Failure to State a Claim

In addition to being inadequately pled, Defendants argue—again relying on Seagate—that Plaintiff cannot state a claim for willful infringement because its motion for preliminary injunction was denied. See Def. Br., 8-9 (quoting Seagate, 497 F.3d at 1374 ("[I]f a patentee attempts to secure injunctive relief but fails, it is likely the infringement did not rise to the level of recklessness.")). Id. Defendants contend that, under Seagate, a "substantial question" regarding infringement or invalidity can be sufficient to preclude a finding of willfulness.[6] Based on that reason, Defendants assert that the Court's rejection of Plaintiff's request for injunctive relief demonstrates that there is a "substantial question" regarding either Defendants' infringement or the validity of the '951 patent that precludes a finding a willful infringement.[7] Plaintiff argues in opposition that Seagate did not create a per se rule that a claim of willful

---

Corp. v. Teva Pharmaceuticals USA, Inc., No. Civ. A.05-CV-1887, 2005 WL 3664014 (D.N.J. Feb. 6, 2006).

[6] Seagate addressed the relationship between the failure to obtain a preliminary injunction and a willful infringement claim, stating, "if a patentee attempts to secure injunctive relief but fails, it is likely the infringement did not rise to the level of recklessness," and that "[a] substantial question about invalidity or infringement is likely sufficient not only to avoid a preliminary injunction, but also a charge of willfulness based on post-filing conduct." Seagate, 497 F.3d at 1374.

[7] Defendants further claim that Plaintiff "effectively conceded at least one substantial question of invalidity at the injunction hearing." Def. Br., 8-9. It is unclear to the Court what that concession is, as Defendants point to nothing in the record to support their argument. If Defendants are referring to this Court's holding in the Opinion denying Plaintiff's preliminary injunction motion, I note that the Opinion merely concluded that Plaintiff had failed to meet its burden of establishing that Defendants' defenses of invalidity were without merit.

infringement can never succeed if the plaintiff was denied a preliminary injunction. See Seagate, 497 F.3d at 1374; Novartis Pharm. Corp. v. Teva Pharm. USA, Inc., 2009 WL 4838653, at *3 ("Seagate did not create a per se rule of dismissal, and . . . it may be possible . . . to show after discovery that [Defendant] acted in reckless disregard of the "objectively high likelihood" that it was infringing on a valid patent.").[8]

Although it is likely an uphill battle, I nonetheless agree with Plaintiff that Seagate did not create a per se rule that a plaintiff can never succeed on a willful infringement claim if that plaintiff's previous preliminary injunction motion was denied. Accord Novartis Pharm. Corp. v. Teva Pharm. USA, Inc., Civ. A. No. 05-cv-1887 (DMC) 2009 WL 4838653, at *3 (D.N.J. Feb. 25, 2009). In that connection, although Plaintiff did not prevail in its application for a preliminary injunction, there has been no judicial determination of validity.[9] Discovery and further litigation could produce evidence that, by initiating an at-risk launch, Defendants recklessly disregarded the Plaintiff's rights. If such evidence is not uncovered during discovery, Plaintiff may choose to withdraw its claim of willful infringement or Defendants may move for summary judgment. The Court therefore denies Defendant's motion to dismiss Plaintiff's claim of willful infringement for failing to state a claim.

---

[8] The Novartis court reasoned that discovery could produce evidence that the defendant acted in reckless disregard of a valid patent, but nevertheless acknowledged the difficulty that the plaintiff would face trying to establish willful infringement. 2009 WL 4838653, at *3.

[9] In that connection, Defendants' reliance on their ANDA Notice Letter, which claimed that the '951 patent was invalid, is misplaced. In order to file an ANDA, a party must file some sort of certification that (1) the patent-at-issue information has not been filed, (2) the patent-at-issue has expired, (3) the date the patent-at-issue will expire, or (4) the patent-at-issue is invalid or that the new product will not infringe said patent (a "Paragraph IV Certification"). See 21 U.S.C. § 355(j)(2)(A)(vii). The statute provides that any certifications made are "in the opinion of the applicant and to the best of his knowledge." Id., §355(j)(2)(A)(vii). The certification does not constitute any definitive, judicial determination as to the patent's actual invalidity. Defendants cannot, therefore, rely on their own opinion as to the validity of the '951 patent as a basis to defeat Plaintiff's willful infringement claim at the motion to dismiss stage, where I must accept Plaintiff's allegations as true.

## C. Exceptional Case

Lastly, Defendants contend that Plaintiff's SAC improperly requests a finding of exceptional case. According to Defendants, any "claim" for a declaration of an exceptional case would arise only after the Court has determined a prevailing party. Def. Br., 4. In response, Plaintiff points out that it is not seeking a finding of exceptional case at this juncture, but merely preserving its rights to bring such a claim should it be appropriate at a later stage in the litigation. Pl. Opp., 11-12.

Under 35 U.S.C. § 285, the court can award attorney fees to the prevailing party if the court determines the action is an "exceptional case." An action becomes an "exceptional case" when the court finds "inequitable conduct before the PTO, litigation misconduct such as vexatious or unjustified litigation or frivolous filings, and willful infringement." Glaxo Group Ltd. v. Apotex Inc., 376 F.3d at 1350. For example, in Yamanouchi Pharmaceutical, Co. v. Danbury Pharmacal, Inc., the court found an award of attorney fees was warranted because the plaintiff had filed a baseless ANDA and participated in various misconduct during litigation. 231 F.3d 1339, 1347 (Fed. Cir. 2000). A finding of an "exceptional case" is not necessarily dependent on the success of a plaintiff's willful infringement claims. See id.; Glaxo, 376 F.3d at 1350.

With respect to pleadings, a party seeking to preserve its right to seek a declaration of exceptional case status may include such a request in its prayer for relief. Acorda Therapeutics, Inc. v. Apotex Corp., Civ. A No. 07-4937 (JAG), 2008 WL 5423937, at *3 (D.N.J. Dec. 29, 2008) ("Here, the instant action concerns a plaintiff that has taken the correct steps, in its prayer for relief, to preserve its right to seek a declaration that instant action is an exceptional case. . . The Complaint only mentions the exceptional case finding as a 'prayer for relief.'"). Although

the SAC seeks a finding of an exceptional case both in the third count and in the prayer for relief, Plaintiff's briefs make clear that it is only requesting such a finding should the Court ultimately find in favor of Plaintiff on willful infringement. Accordingly, the Court does not consider Plaintiff to be asserting an independent cause of action for an exceptional case, but rather, to be properly preserving its right to seek such a finding if and when appropriate. See Celgene Corp. v. Teva Pharm., USA, Inc., 412 F. Supp .2d 439 (D.N.J. 2006) (declining to strike exceptional case allegations because complaint sufficiently alleged willful infringement claim); Novartis Pharm. Corp. v. Teva Pharm. USA, Inc., Civ. No. 05-2887, 2005 WL 3664014 (D.N.J. Dec.30, 2005) (dismissing willful infringement claim but allowing party to proceed with its exception case claim). I therefore deny Defendants' motion to dismiss in that respect.

**CONCLUSION**

For the foregoing reasons, the Court determines that Plaintiff's SAC sufficiently pleads and states a claim for willful infringement against Defendants. Furthermore, the Court will not dismiss or strike Plaintiff's request for a future exceptional case finding pursuant to § 285. Accordingly, Defendants' motion to dismiss Count III of Plaintiff's SAC is denied.

An appropriate Order shall follow.

Date: October 7, 2013 /s/ Freda L. Wolfson
Freda L. Wolfson, U.S.D.J.